# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Case No. 2:15CR00015-009 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **SAMUEL LEE COURTNEY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Erin M. Kulpa, Assistant United States Attorney, Harrisonburg, Virginia, for United States; Samuel Lee Courtney, Pro Se Defendant.*

The defendant, Samuel Lee Courtney, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The United States has filed a Motion to Dismiss and the issues have been fully briefed. After reviewing the record and considering the arguments of the parties, I will grant the United States' Motion to Dismiss and deny Courtney's § 2255 motion.

I.

On August 25, 2015, Courtney and multiple codefendants were indicted in this court for drug-related crimes. Courtney was charged with conspiracy to possess with intent to distribute and distribute a mixture or substance containing a detectable amount of alpha-PVP, a controlled substance, and use of a communications facility in the commission of that offense, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and § 843(b) ("Count One"); two counts of

possession with intent to distribute and distribution of a mixture or substance containing a detectable amount of alpha-PVP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) ("Counts Five and Seven"); and one count of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Thirteen"). Courtney agreed to plead guilty, pursuant to a written Plea Agreement, to Counts One and Thirteen. The government agreed to move, at sentencing, for the dismissal of the remaining counts. Plea Agreement 2, ECF No. 371.

A change-of-plea hearing was held on February 8, 2016, before United States Magistrate Judge Pamela Meade Sargent, with Courtney's consent. Plea Hr'g Tr. 6, ECF No. 919. Courtney affirmed that he had received a copy of the Indictment and the Plea Agreement and had had an adequate opportunity to review both documents with counsel. *Id*. at 35, 38. Judge Sargent asked him whether he was "satisfied with [his] attorney's representation" and he answered, "Yes." *Id*. at 38. Courtney affirmed his understanding that he was giving up his right to appeal and collaterally attack his sentence, except for matters that cannot be waived under the law and claims of ineffective assistance of counsel. *Id*. at 48. Courtney affirmed that no one had attempted to force him to plead guilty. *Id*. The government stated that if the case were to proceed to trial, it was prepared to prove that Courtney purchased and obtained alpha-PVP from suppliers, that Courtney

sold alpha-PVP on two occasions to confidential informants, and that he carried a handgun to protect himself and further his drug-trafficking offenses. *Id*. at 59-60. Courtney did not dispute any of the facts against him, including that he sold drugs and that "on at least one of those occasions . . . [he] had a firearm present." *Id*. at 63. Judge Sargent found Courtney fully competent and capable of entering an informed guilty plea. *Id*. at 65.

A Presentence Investigation Report ("PSR") was prepared by the Probation Office in advance of sentencing. It recommended an advisory guideline range of 57 to 71 months incarceration on Count One and a consecutive 60 months incarceration on Count Thirteen. PSR ¶¶ 554-56, ECF No. 693. Courtney did not file any objections to the PSR. I sentenced Courtney to a within-guideline sentence of 57 months on Count One and 60 months on Count Thirteen, to be served consecutively, for a total of 117 months' incarceration. J. 2, ECF No. 689. Courtney did not appeal.

Courtney's § 2255 Petition contends that he received ineffective assistance of counsel because: (1) his counsel coerced him into pleading guilty by stating that there would not be "any people of color on the jury panel," and if he did not plead guilty, he faced a much harsher sentence if found guilty; (2) counsel recommended that he plead guilty even though the evidence did not support his conviction; and (3) his counsel failed to provide him with discovery. 2255 Mot. 6, ECF No. 895.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Courtney bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Coercion.*

Courtney argues that he received ineffective assistance because counsel coerced him into pleading guilty by telling him that "there won't be any people of color on the jury panel" and that he would face a significantly longer prison sentence if he proceed to trial and was found guilty. 2255 Mot. 6, ECF No. 895. This claim is without merit.

A defendant's sworn statements during a plea colloquy "carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, at a guilty plea hearing, if a defendant testifies that he is guilty of the charged offenses, admits that he understands the plea agreement, and affirms he was not threatened or pressured into pleading guilty, a subsequent

allegation that he was coerced into pleading guilty will not overcome his contrary sworn statements. *See, e.g.*, *United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (holding that in the absence of extraordinary circumstances, which do not appear here, "a defendant's solemn declarations in open court affirming [a plea] agreement ... carry a strong presumption of verity") (internal quotation marks and citation omitted). Courtney affirmed at his guilty plea hearing that he was satisfied with counsel, had reviewed and considered the plea agreement, wanted to plead guilty because he was, in fact guilty, and had not been forced or coerced into pleading guilty. Plea Hr'g Tr. 38, ECF No. 919. Accordingly, his claims to the contrary are unavailing.

Moreover, an advocate must provide realistic advice to a defendant. *United States v. Fry*, 629 F. App'x 823, 827 (10th Cir. 2015) (unpublished) (noting that providing "realistic legal advice" does not constitute "coercion"). Counsel's advice that Courtney would likely face an increased sentence if he went to trial and was found guilty was correct, and an important piece of information for Courtney to have in assessing whether to proceed to trial.

To the extent that Courtney argues that had he gone to trial, I might have imposed his federal sentence concurrent with a previous state court sentence, is without merit. At his sentencing hearing I explained to Courtney that I did not have the power to run his federal sentence concurrent with his state sentence

because he had been in primary federal custody. Sent'g Hr'g Tr. 3-4, ECF No. 921. However, I directed Courtney's counsel, "as part of his representation in this court . . . to undertake to see if the state court judge, after consultation with the Commonwealth's attorney in Wise County, would agree to revise his judgment to run the state sentence concurrent with the federal sentence."[1] *Id*. at 15. My authority to impose a concurrent sentence as opposed to a consecutive sentence would not have changed had Courtney gone to trial.

Courtney also claims that counsel told him that "there won't be any people of color on the jury panel." 2255 Mot. 6, ECF No. 895. Certainly neither counsel nor the court could know the racial makeup of any jury panel prior to voir dire, as the jury pool is randomly selected from lists of registered voters from counties that comprise the Western District of Virginia. *See* Jury Plan, *available at* http://www.vawd.uscourts.gov/media/1608/vawd_jury_plan.pdf. However, even assuming that counsel made such a statement, this does not rise to the level of coercion, especially in light of Courtney's sworn statements at the guilty plea hearing. Accordingly, Courtney has shown neither that counsel provided deficient performance nor that he was prejudiced by counsel's conduct. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

[1] It appears that defense counsel did file a motion to modify Courtney's state court judgment to run concurrent with his federal sentence, which was denied by the state court. Order, *Commonwealth v. Courtney*, Case No. CR14F00251-00 (Va. Cir. Ct. _____, 2014), available at http://ewsocis1.courts.state.va.us/CJISWeb/CaseDetail.do.

*B. Evidence.*

Courtney also argues that counsel provided ineffective assistance because the evidence did not support his guilty plea. Specifically, he claims that "he never had any possession of any firearm connected in any way with this case." § 2255 Mot. at 1, ECF No. 889. Moreover, he takes issue with the weight of the drugs attributed to him. Courtney made the decision to plead guilty. If he believed that the evidence against him was limited or that the informants had lied, he had the option to proceed to trial and make the government prove its case, a right of which he was advised at the guilty plea hearing. Moreover, at the guilty plea hearing he admitted that he "sold bath salts" and agreed that on at least one occasion when he sold drugs he "had a firearm present." Plea Hr'g Tr. 63, ECF No. 919. Accordingly, Courtney cannot successfully contradict his sworn statements in this § 2255 petition. *Lemaster*, 403 F.3d at 221 (absent extraordinary circumstance, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false") (internal quotation marks and citation omitted).

*C. Discovery.*

Finally, Courtney argues that counsel erred by failing to provide him with discovery. He does not make any specific claim regarding the type of discovery to

which he wanted access.  General allegations that counsel failed to fully investigate are insufficient to support a finding of error.  *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (citation omitted); *see also Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations that counsel failed adequately to investigate, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).  Accordingly, counsel's conduct did not fall below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.

III.

For these reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255.  A separate order will be entered this day.

DATED:  January 23, 2018

/s/  *James P. Jones*
United States District Judge