IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 2:15CR00015-009 |
| v. | ) OPINION |
| SAMUEL LEE COURTNEY, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Samuel Lee Courtney, Pro Se Defendant.*

The defendant, Samuel Lee Courtney, proceeding pro se, filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Among other things, Courtney alleges that he is entitled to be resentenced in light of *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (holding that brandishing a firearm in connection with a crime of violence, as defined in 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague). After review of the record, I must summarily deny Courtney's § 2255 motion as successive.[1]

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Court records indicate that Courtney previously filed a § 2255 motion concerning this same conviction and sentence, and I dismissed it as without merit. *United States v. Courtney*, No. 2:15CR00015-009, 2018 WL 510110 (W.D. Va. Jan. 23, 2018). Because Courtney offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss Courtney's current action without prejudice.

A separate Final Order will be entered herewith.

DATED: February 21, 2019

/s/ James P. Jones
United States District Judge