IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Case No. 2:15CR00015-009 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **SAMUEL LEE COURTNEY,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion by counsel seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The defendant's motion has been fully briefed and is ripe for decision.

I.

Courtney was sentenced by this court on July 13, 2016, after pleading guilty to conspiring to distribute and possessing with intent to distribute alpha-PVP, a Schedule I controlled substance and previously a controlled substance analogue, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was determined to have a sentencing guideline range of 57 months to 71 months for the narcotics offense, based on a total offense level of 21 and a criminal history category of IV. The court sentenced him to 57 months for the narcotics offense and a consecutive 60-month sentence for the firearm offense, for a total period of 117 months imprisonment. His present projected release date is January 1, 2024. Courtney is subject to a detainer from the Virginia Department of Corrections for a drug trafficking conviction in Wise County, Virginia, and to serve a state sentence of 8 years once he completes his federal sentence.

Courtney has been diagnosed with Type II diabetes, diabetic neuropathy, high cholesterol, hypertension, and chronic back pain, and he continues to receive treatment for these ailments while incarcerated. Presentence Investigation Report ¶ 545, ECF No. 693; Mot. Compassionate Release Ex. C, Bureau of Prisons Health Services Clinical Encounter, ECF No. 1090. Courtney is incarcerated at FCI Elkton, in Lisbon, Ohio. FCI Elkton has been a Covid-19 hotspot, with confirmed active

cases of 39 inmates and 7 staff (568 inmates and 46 staff have recovered) as of June 17, 2020. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited June 17, 2020). It appears that at least nine inmates have died there of Covid-19. Deanne Johnson, *Another Elkton prison death attributed to COVID-19*, Salem News (Salem, Ohio), May 9, 2020, https://www.salemnews.net/news/local-news/2020/05/another-elkton-prison-death-attributed-to-covid-19/.

II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). While exhaustion of administrative remedies is not a jurisdictional issue,[1] it is a mandatory condition under the statute,

---

[1] In considering § 3582(c)(2), a separate subsection setting forth another exception to the rule that a district court may not modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence does not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (holding that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)). I find this reasoning persuasive as to the sister exception contained in § 3582(c)(1)(A).

that when "properly invoked . . . must be enforced." *Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S. Ct. 13, 17 (2017).

The government acknowledges that Courtney has exhausted his administrative remedies. The U.S. Sentencing Guidelines Manual (USSG) advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement. USSG § 1B1.13. The government contends that Courtney is not a suitable candidate for release in light of the relevant § 3553(a) factors, and in particular his risk to the community.

Courtney is 59 years old. He did not complete the eighth grade, and he has received disability since 1993 due to health-related conditions. Courtney has an extensive and violent criminal history. Courtney has numerous convictions for domestic violence, gun possession, drug distribution and possession, grand larceny, and driving while intoxicated. Many of Courtney's convictions were not considered in calculating his guideline range, because they occurred over ten years ago. Courtney also has a long substance-abuse history. He started with alcohol and eventually expanded to cocaine, opiates, and other drugs. While the parties agree

that he suffers from a number of health conditions that make him vulnerable to COVID-19, he has served less than half of his 117-month sentence.

The facts supporting his convictions are serious in nature. Courtney was involved in a large scale, multi-state drug distribution organization involving alpha-PVP, a dangerous synthetic stimulant sometimes referred to as "bath salts" or "gravel" depending upon its composition. Courtney was not a major supplier or high-level member of the conspiracy, but there is evidence that he was a middle supplier for street-level dealers. The parties stipulated that Courtney was accountable for at least 564 grams of alpha-PVP, although the Presentence Investigation Report found that he was likely accountable for much more. Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Courtney is not qualified for such extraordinary relief.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 1085, is DENIED.

ENTER: June 19, 2020

/s/ JAMES P. JONES
United States District Judge